UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

---------------------------------------X

IN RE:  Request from the Netherlands    )
    Pursuant to the Treaty Between the  )
    United States of America and the    )
    Kingdom of Netherlands on Mutual    )    No. 07-525
    Assistance in Criminal Matters in   )
    the Matter of Gus Kouwenhoven       )

---------------------------------------X

APPLICATION FOR ORDER PURSUANT TO THE TREATY
ON MUTUAL ASSISTANCE IN CRIMINAL MATTERS AND
TITLE 28, UNITED STATES CODE, SECTION 1782

The United States of America petitions this Court for an Order, pursuant to Article 12 of the <u>Treaty between the United States of America and the Kingdom of the Netherlands on Mutual Assistance in Criminal Matters</u> (35 UST 1361, 1359 UNTS 209) [entered into force September 15, 1983], 28 U.S.C. § 1782, and its own inherent authority, appointing John F. Cox III (or a substitute or successor subsequently designated by the Criminal Division of the Department of Justice) as commissioner to collect evidence from witnesses and to take such other action as is required to execute the attached request from the Kingdom of the Netherlands made pursuant to the Treaty.

Respectfully submitted,

Bruce G. Ohr
Section Chief
Criminal Division
Department of Justice

By: _____
John F. Cox III
Trial Attorney
202.616.0541
john.cox@usdoj.gov

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

```
------------------------------------------X
IN RE:  Request from the Netherlands   )
        Pursuant to the Treaty Between the )
        United States of America and the   )
        Kingdom of Netherlands on Mutual   )    No. _____
        Assistance in Criminal Matters in  )
        the Matter of Gus Kouwenhoven_     )
------------------------------------------X
```

<u>MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER</u>

The United States is seeking an Order appointing a Commissioner to collect evidence requested by the Netherlands in its attached Treaty Request made pursuant to the <u>Treaty between the United States of America and the Kingdom of the Netherlands on Mutual Assistance in Criminal Matters</u>, 35 UST 1361, 1359 UNTS 209 (entered in force September 15, 1983) [hereinafter referred to as "the Treaty"].

A treaty constitutes the law of the land. U.S. Const. Art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. <u>Asakura v. City of Seattle, Washington</u>, 265 U.S. 332, 341 (1924); <u>United States v. The Peggy</u>, 5 U.S. 103 (1801); <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1291 (11th Cir. 2003). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. <u>Zschernig, et al. v. Miller, Administrator, et al.</u>, 389 U.S. 429, 440-441 (1968); <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); <u>United States v. Erato</u>, 2 F.3d 11, 15-16 (2d Cir. 1993).

A.  <u>The Treaty</u>

The United States and the Netherlands entered into the Treaty for the purpose of providing "mutual assistance in criminal matters." Preamble to the Treaty. <u>See</u> Letter of Submittal to the President from the Department of State, July 17, 1981. The Treaty obliges each state to provide assistance to the other in "criminal investigations and proceedings" covered under the Treaty. Article 1(1); <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1290 (11th Cir. 2003); <u>United States v. Vacant Land Known as Los Morros</u>, 885 F.Supp. 1329, 1331 (S.D. Cal. 1995). Each state contemplated that it would provide the other with assistance generally comparable to that which is available to its own law enforcement authorities. <u>See</u>, <u>e.g.</u>, Article 5(1); Letter of Submittal to the President from the Department of State, July 17, 1981, regarding Article 4. Such assistance includes taking testimony or statements of persons and providing documents and other evidence. Article 1(2). In addition, the states formally expanded assistance to include immobilizing criminally-obtained assets. Agreement Between the United States of America and the Kingdom of the Netherlands Regarding Mutual Cooperation in the Tracing, Freezing, Seizure and Forfeiture of Proceeds and Instrumentalities of Crime and the Sharing of Forfeited Assets, TIAS 12405, 1921 UNTS 163 (entered into force August 4, 1994). <u>See United States v. Vacant Land Known as Los Morros</u>, 885 F.Supp. 1329 (S.D. Cal. 1995).

B.   Use of the Treaty to Execute Requests for Assistance

The Treaty is designed to be self-executing and requires no implementing legislation. See Letter of Submittal to the President from the Department of State, July 17, 1981; In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003). Even so, it contains little in the way of a procedural framework for executing requests. Consequently, federal district courts routinely utilize the "commission" procedure authorized by 28 U.S.C. § 1782, the statute governing the provision of assistance for foreign judicial proceedings generally, as the "procedural vehicle" to fulfill their judicial responsibility under the Treaty of executing Dutch requests. In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003). See Letter of Submittal to the President from the Department of State, July 17, 1981, ("For the most part, [the Treaty] will utilize existing authority of the federal courts, particularly 28 U.S.C. 1782").

1.   Appointment of a commissioner

Section 1782 provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A federal district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. "Since

3

the power of the commissioner comes from his appointment, any person who seems appropriate to the court may be appointed commissioner." In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). With requests for assistance in criminal matters, a court typically appoints an Assistant United States Attorney as commissioner. However, a court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991).

The application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance is generally made ex parte. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

    2.  Establishment of an evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A federal district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A court has "complete discretion in prescribing the procedure to be followed." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3789. When

4

a court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. <u>In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan</u>, 16 F.3d 1016, 1019 (9th Cir. 1994); <u>In re Letter of Request from the Supreme Court of Hong Kong</u>, 138 F.R.D. 27, 31 (S.D.N.Y. 1991). However, as § 1782 makes clear, when a court does specify a procedure other than the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a); <u>Euromepa S.A. v. R. Esmerian, Inc.</u>, 51 F.3d 1095, 1098 (2d Cir. 1995). In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305 (11th Cir. 2003).

The Treaty's "basic requirement," summarized in the Letter of Submittal to the President from the Department of State, July 17, 1981, is that:

> the requested State follow the same practices and procedures in executing a request for assistance as it normally follows in domestic investigations or judicial proceedings.

In other words, the Treaty intends that courts order the use of procedures comparable to those applicable in domestic investigations and prosecutions of criminal matters rather than, by default, the Federal Rules of Civil Procedure.

    a.   <u>Commissioner's subpoena</u>

The Treaty contemplates that federal district courts will use compulsory measures to execute Dutch requests. The Treaty

5

provides, at Article 5(1), that:

> A person from whom evidence is sought shall, if necessary, be compelled by subpoena to appear and testify or produce documents, records and articles to the same extent as in investigations or proceedings in the Requested State.

If a federal district court so orders, a commissioner may use the attached form, entitled "commissioner's subpoena," to obtain the requested evidence.  See In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003)(incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993)(incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas).  The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the court for the production of evidence in accordance with both the Treaty and § 1782.  See Article 5(1); 28 U.S.C. 1651; White v. National Football League, et. al, 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of the matter before it). Upon authorization by a court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request.

 A court, in keeping with its obligation to design effective and expeditious procedures to promote the purpose of the Treaty, may authorize service of commissioner's subpoenas anywhere within the territory of the United States (i.e., coextensive with the

service of subpoenas in U.S. criminal investigations and prosecutions pursuant to Rule 17, Federal Rules of Criminal Procedure). The § 1782 limitation on the court's power to compel to "the district in which a person resides or is found" is inoperative in executing a treaty request. <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

  b. <u>Notice of evidence taking</u>

Article 5(1) authorizes use of subpoenas to compel testimony or production of evidence in execution of treaty requests "to the same extent as in investigations or proceedings in the Requested State." Inasmuch as subpoenas utilized in U.S. criminal proceedings (<u>i.e.</u>, grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (<u>i.e.</u>, no notice to targets or defendants), commissioner's subpoenas issued in execution of treaty requests likewise should require no notice to other than the recipients. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.[1] To the

---

[1] Generally, U.S. authorities execute requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings. U.S. authorities rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires or to request that U.S. executing authorities follow stated notice procedures when necessary or useful under foreign law or practice. Foreign requests have asked (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

extent that execution of a request entails the production of bank or financial records otherwise covered by the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., the commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder inasmuch as the Act does not apply in the execution of foreign legal assistance requests.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letter of Request for Judicial Assistance from the Tribunal Civil De Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993).  See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

C.  The Present Request

The Netherlands Ministry of Justice, the Competent Authority under Article 14 of the Treaty, has made the instant treaty request in connection with a criminal proceeding by the National Public Prosecutor in Rotterdam, the Netherlands regarding the public prosecution of Gus Kouwenhoven, a Dutch national, and has asked for assistance in obtaining the testimony of an individual domiciled in Baltimore, Maryland, Mr. John Senior Tarnue.  The Dutch have requested that this testimony be taken during the period between December 17-19, 2007.

Accordingly, to execute this request, the government moves this court to issue the attached order appointing the undersigned Trial Attorney John F. Cox III as commissioner, authorizing him

to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in the Netherlands.

Respectfully submitted,

Bruce G. Ohr
Section Chief
Criminal Division
Department of Justice

By: _____
John R. Cox III
Trial Attorney
202.616.0541
john.cox@usdoj.gov